**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DYLAN DAWSON,

   Plaintiff - Appellee,

JAMIE BROWN,

   Plaintiff,

 v.

TARGET CORPORATION; SHIPT, INC,

   Defendants - Appellants.

No. 25-4061

D.C. No.
3:24-cv-08167-AMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Argued and Submitted July 9, 2026
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District
  Judge.[**]

  Target Corp. and its subsidiary Shipt, Inc. (collectively, Target) appeal the

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

district court's order denying its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a). Because a genuine dispute of material fact remains relating to whether the parties agreed to arbitrate, we vacate and remand to the district court to resolve that dispute.

"We review a district court's denial of a motion to compel arbitration de novo and any underlying findings of fact for clear error. . . ." *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1153 (9th Cir. 2025) (citation omitted). "We review for abuse of discretion whether it was proper for the district court to consider new arguments and new materials submitted with Plaintiffs' reply brief. . . ." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024) (citations omitted).

**1.** The district court did not abuse its discretion by declining to review evidence submitted with Target's reply brief. *See Youth 71Five Ministries v. Williams*, 160 F.4th 964, 982 (9th Cir. 2025), *as amended*. Target attached to its reply brief in the district court evidence that plaintiff Dylan Dawson (Dawson) signed into his Target mobile app account after September 9, 2022, during which the Target arbitration agreement was in effect. However, at an earlier hearing, the district court had warned the parties, "I don't want to see new evidence on reply because ultimately it – it was the moving party's burden to put it all in in the first place." Although the district court had discretion to allow Target's responsive

25-4061

evidence in reply, it was not required to do so. *See id.*

**2.** A genuine dispute of material fact remains over which version of Target's checkout screen Dawson encountered when he made the purchase underlying his claims. In the district court, Target submitted a screenshot representing "how the check-out page appeared to users" at the time Dawson made his purchase. Dawson submitted an alternate screenshot depicting "[a] true and correct copy . . . of how Target's check-out screen appeared on the Target mobile app on [his] iPhone." Although the parties dispute whether Dawson's screenshot depicts the June 14, 2022, purchase underlying Dawson's complaint, it unquestionably does not depict the underlying purchase because the complaint alleges a $3.99 "CA Shopper Benefits Fee," while Dawson's screenshot displays a $6.49 "CA Shipt Shopper Benefits Fee."

The existence of this factual dispute prevents resolution of the motion to compel arbitration. *See Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022). To resolve a motion to compel arbitration, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (citations omitted). "[I]f a court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration

25-4061

in abeyance until the factual issues have been resolved. . . ." *Knapke*, 38 F.4th at 831 (citation and internal quotation marks omitted).

The district court erred by failing to resolve this genuine dispute of material fact prior to ruling on Target's motion to compel arbitration. *See Chabolla*, 129 F.4th at 1155. Whether Dawson encountered the Target app sign-in page at a time when Target's terms and conditions included the arbitration agreement remains an open dispute. Target submitted "a screenshot of how the sign-in page appears to users." In response, Dawson stated in a declaration "I do not recall if I was prompted to 'sign in' to my Target account" when making the purchase. Dawson also declared, "I understand that if I had previously clicked 'stay signed in,' I would not have had to 'sign in' to my Target account and would never have seen the 'sign in' screen on June 14, 2024." Dawson's equivocal statements do not resolve this material fact as a matter of law. *See McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) ("Arguments based on conjecture or speculation are insufficient" to preclude summary judgment.) (citation and alteration omitted).

Because the district court failed to resolve genuine disputes of material fact regarding the agreement to arbitrate, we must remand. *See Knapke*, 38 F.4th at 832-33, 836. On remand, the district court is instructed to determine whether the following factual disputes may be resolved without a trial on arbitrability:

25-4061

(1) whether Dawson logged into his Target account through the sign-in page while the arbitration agreement was in effect, and (2) which version of the check-out page Dawson viewed when he made the purchase underlying his complaint. *See id.* at 831.

**3.** Once factual predicates are resolved, the district court must consider the "context of the transaction, as well as the traditional inquiry related to the visuals involved with the notice" when determining whether a contract to arbitrate was properly formed. *Chabolla*, 129 F.4th at 1155 (citations and internal quotation marks omitted).

**VACATED and REMANDED.**